**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | CRIMINAL ACTION NO. |
| : | 1:06-CV-0137-005-RWS |
| v. : | |
| : | |
| EDWIN C. PARKER, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on Defendant's "Petition for Writ of

Habeas Corpus" [382], Defendant's Motion for Extension of Time [383], and

Defendant's Motion for Production of Records and Transcripts [384]. After

reviewing the record, the Court enters the following Order.

**I.    Defendant's "Petition for Writ of Habeas Corpus" and Motion for Extension of Time**

Defendant has filed two motions seeking to extend the one-year statute of

limitations[1] applicable to filing a motion to vacate pursuant to 28 U.S.C. § 2255. The first, although phrased as a "Petition for Writ of Habeas Corpus" [382], seeks only an extension of time; Defendant does not allege any claim for relief under 28 U.S.C. § 2255. The second Motion seeks the same relief [383].

This Court presently lacks jurisdiction to extend the one-year statutory deadline for filing a motion pursuant to 28 U.S.C. § 2255. United States v. McFarland, 125 F. App'x 573, 574 (5th Cir. 2005); United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000); United States v. Backhoff, Nos. 3:05cr24/LAC, 3:06cv248/LAC/MD, 2006 WL 2382176, at *1 (N.D. Fla. Aug. 17, 2006). Although there are extremely limited circumstances under which a Court may

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, *inter alia*, that a habeas petition may not be filed more than one year from "the date on which the judgment of conviction *becomes final*." 28 U.S.C. § 2255(1) (emphasis added). A judgment of conviction becomes final within the meaning of § 2255 as follows: "(1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) *the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires*." Kaufmann v. United States, 282 F.3d 1336, 1339-40 (11th Cir. 2002) (emphasis added).

Here, Defendant filed a direct appeal of his judgment of conviction. His appeal was dismissed by the United States Court of Appeals on February 14, 2008. Because Petitioner had 90 days from the time his appeal was denied to file a writ of certiorari with the United States Supreme Court, his judgment of conviction became final upon the expiration of that 90 days. See Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). His deadline for filing a § 2255 Motion is therefore one year after the expiration of those ninety days.

extend the time for filing a § 2255 Motion, the Court may only do so after an actual § 2255 motion has been filed. Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension *upon or after filing an actual section 2255 motion*, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.") (emphasis added). Without the filing of a substantive § 2255 Motion, the Court is without jurisdiction to consider its timeliness or any grounds for equitable tolling. Id. at 82 ("Prior to an actual filing [of a § 2255 motion], there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (citations and quotations omitted).

Here, Defendant has not filed a substantive § 2255 Motion, and it would be inappropriate for the Court to construe Defendant's Motion styled as a "Petition for Writ of Habeas Corpus" as a substantive § 2255 Motion. It does not articulate any basis in fact or law for relief pursuant to § 2255. See id., 260 F.3d at 84 (holding that "because Green had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion"). To

3

correct any confusion on the docket, the Clerk is therefore **DIRECTED** to recharacterize the Motion filed at Docket No. 382 as a "Motion for Extension of Time." Because the Court is without jurisdiction to extend the one-year deadline for filing a § 2255 motion, Defendant's Motions for Extension of Time [382, 383] are **DENIED**.[2]

## II. Motion for Production of Records and Transcripts [384]

Defendant moves for copies of all pretrial motions and all pretrial and trial transcripts in this action. A review of the docket reflects no pretrial motions filed on behalf of Defendant. However, the Clerk shall provide Defendant a copy of the docket sheet for his case so that he might review it and specifically request any documents needed in connection with his Section 2255 motion.

Insofar as Defendant moves for copies of transcripts, Defendant's Motion is **DENIED** because Defendant has failed to demonstrate that any such transcript "is needed to decide the issue presented by the suit or appeal." 28

---

[2] Because the Court does not construe is self-titled "Petition for Writ of Habeas Corpus" as a Motion to Vacate pursuant to 28 U.S.C. § 2255, Defendant is cautioned that he must still file a substantive § 2255 motion within the AEDPA's one-year deadline to preserve any remedies he may have under 28 U.S.C. § 2255.

4

U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.").[3]

## Conclusion

For the reasons provided above, the Clerk is **DIRECTED** to recharacterize the Motion filed at Docket No. 382 as a "Motion for Extension of Time." Because the Court is without jurisdiction to extend the time for filing a Section 2255 Motion, Defendant's Motions for Extension of Time [382, 383] are **DENIED**.

Defendant's Motion to Produce Records and Transcripts [384] is **DENIED**. However, the Clerk is **DIRECTED** to provide Defendant with a copy of the docket sheet for his case so that he can specifically request any documents necessary for him to pursue his Section 2255 motion.

---

[3] As the Court noted in its January 2, 2008 Order [349], a transcript of Defendant's sentencing was provided to his counsel. Defendant may seek the copy from his former attorney.

5

**SO ORDERED** this  24th  day of July, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE