# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EDWIN C. PARKER, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:06-CR-0137-RWS-ECS-5 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:09-CV-0976-RWS |

## **ORDER**

This matter is currently before the Court for consideration of Movant Edwin C. Parker's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 411), the Government's response thereto (Doc. 421), and Movant's traverse to the Government's response (Doc. 424).

## I. **PROCEDURAL HISTORY**

In a superceding indictment, a federal grand jury charged Movant and four co-defendants with conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). (Doc. 115). Movant pled guilty, pursuant to a negotiated plea agreement. (Doc. 166). The plea agreement provides that Movant "voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his

sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground," unless his sentence is "higher than the otherwise applicable advisory sentencing guideline range" or the government appeals his sentence. (Id., plea agreement 4-5). Movant signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in a post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 6-7).

At the plea hearing, Movant was sworn in and confirmed that he had not consumed any alcohol, narcotic drugs, or medicines within the past twenty-four hours and had not recently been treated for any mental illness or addiction. (Doc. 347 at 2-3). The Court explained to Movant the rights he was giving up in pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 4-6). Movant acknowledged that he was not entering into the guilty plea under any threats or coercion, and that no other promises or inducements had been made to him other than those contained in the plea

agreement. (Id. at 9). The Government described the elements of Movant's offense and stated what the evidence would show if the case went to trial. (Id. at 10-12). Movant confirmed that he understood the elements of his offense and agreed that he committed the crime charged in the superceding indictment. (Id. at 12-13). Movant acknowledged that his offense carried a statutory maximum sentence of life imprisonment and a mandatory minimum sentence of twenty (20) years of imprisonment. (Id. 20). The Court also discussed the Sentencing Guidelines with Movant and that the Guideline recommendation is only advisory. (Id. at 20-21, 24). Next, the Court reviewed the terms of the sentence-appeal waiver and its consequences. (Id. at 21-22). Movant acknowledged that he understood the effect of the waiver. (Id. at 22). The Court explained to Movant that no one could promise him that he would get a twenty-year sentence, and Movant confirmed that he understood that he would be bound by his guilty plea, even if he is dissatisfied with the sentence he receives. (Id. at 23-24). Movant confirmed that he had had enough time to talk with his counsel about his decision to plead guilty and was satisfied with counsel's representation. (Id. at 24-25). The Court accepted Movant's guilty plea. (Id. at 25-26).

3

On July 18, 2007, this Court sentenced Movant to 292 months of imprisonment. (Doc. 298). Movant filed a timely appeal. (Doc. 300). On February 14, 2008, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal based on Movant's valid sentence-appeal waiver. (Doc. 354).

On April 10, 2009, Movant, proceeding pro se, filed the instant motion to vacate his sentence, claiming that his counsel was ineffective for: (1) erroneously advising him that he could challenge the firearm enhancement on appeal; (2) failing to inform the Court at sentencing that the Government was required to make his cooperation known and that it had discretion to run his federal sentence concurrently with his undischarged state sentence; (3) failing to adequately object at sentencing to the firearm enhancement; and (4) failing to argue at sentencing that 240 months of imprisonment was sufficient under the 18 U.S.C. § 3553(a) sentencing factors. (Doc. 411 at 5-6, Mem. 3-10). The Government argues that Movant's claims are barred by his valid sentence-appeal waiver. (Doc. 421). Movant replies that the appeal waiver does not bar his claims because he did not fully understand it, as counsel had led him to believe that he could appeal the firearm enhancement. (Doc. 424 at 2-5).

4

## II. DISCUSSION

## A. **General standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

5

### B. Sentence-appeal waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.), cert. denied, 546 U.S. 902 (2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. (Internal quotations omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

This Court finds that Movant's assertion that he misunderstood the sentence-appeal waiver is belied by the record. At the plea hearing in response to the Court's inquiry, Movant acknowledged that he understood the full significance of the waiver. (Doc. 347 at 21-22). Movant's counsel then stated that he had specifically discussed the sentence-appeal waiver with Movant, who appeared to understand it. (Id. at 22). "[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge

6

accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Accordingly, the Court finds that Movant voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief and, thus, is barred from raising his specific claims that counsel was ineffective during sentencing.

### III. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, the Movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 411) is **DENIED**.

**IT IS SO ORDERED** this  11th  day of June, 2009.

**RICHARD W. STORY**
United States District Judge

7